UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUCCI AMERICA, INC.,

           Plaintiff,

    v.                                                                                    Case No.: 1:23-cv-10239-LGS

LORD & TAYLOR ECOMM LLC and DOES 1-10,

           Defendants.

## [PROPOSED] ORDER FOR DEFAULT JUDGMENT

      This action having been commenced by Plaintiff Gucci America, Inc. ("Plaintiff") on November 21, 2023, by the filing of the Complaint charging Defendant Lord & Taylor Ecomm LLC ("Defendant") with trademark counterfeiting and infringement, unfair competition, false designation of origin, and trademark dilution under U.S. Trademark Act of 1956 (the "Lanham Act"), as amended, 15 U.S.C. §§ 1114(1), 1125(a); trademark infringement and unfair competition under the common law of the State of New York; and dilution under New York General Business Law § 360-L; and

      Defendant having been duly and properly served on December 5, 2023 with a copy of the Summons and Complaint pursuant to Fed. R. Civ. P. 4(h)(1)(B) by Plaintiff using a professional process server hired by Plaintiff to personally deliver the Summons and Complaint to the agent authorized to receive service of process on Defendant's behalf; and

      Proof of such service having been filed with this Court on December 20, 2023; and

      Defendant's former counsel having filed a motion to withdraw, which this Court granted on April 19, 2024; and

Defendant having been ordered by the Court to retain replacement counsel and for such replacement counsel to file a Notice of Appearance on the docket by May 19, 2024; and

Replacement counsel for Defendant having not filed a Notice of Appearance on the docket by May 19, 2024, and Defendant having failed to retain replacement counsel or otherwise defend this action;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1. The Court has subject matter jurisdiction over this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under Sections 1131 and 1338(a) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a). The Court has supplemental jurisdiction over the state law claims under Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a), because these claims arise out of the same nucleus of operative facts as the federal claims.

2. The Court has personal jurisdiction over Defendant under Sections 301 and/or 302 of the New York Civil Practice Laws and Rules because Defendant conducts, transacts, and solicits business in this district, including by selling the counterfeit products bearing the GUCCI marks at issue to consumers in this district and shipping such products to this district, because Defendant operates a highly interactive website that offers Defendant's counterfeit products bearing the GUCCI marks for sale to consumers in this district, and because the events giving rise to this Complaint occurred in this state and/or had effects in this state, and Plaintiff is being harmed in this jurisdiction.

3. Venue is proper in this District pursuant to Sections 1391(b) and (c) of the Judicial Code, 28 U.S.C. § 1391(b) and (c), because a substantial portion of the events at issue occurred in this judicial district due to Defendant's transaction of business herein.

"[A] defendant who defaults thereby admits all 'well-pleaded' factual allegations contained in the complaint" but "a district court need not agree that the alleged facts constitute a valid cause of action." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (citations omitted). "[A] district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." *Id.*; *accord Jordan v. Books*, No. 22 Civ. 6154, 2023 WL 4363003, at *2 (S.D.N.Y. July 6, 2023).

4. ~~The Complaint adequately alleges that~~ Plaintiff has rights in the GUCCI word mark, the GUCCI stylized mark, the Interlocking GG stylized mark, and the Horesebit design mark (collectively, the "GUCCI Marks") in connection with handbags, belts, shoes, and other apparel and accessories due to Plaintiff's continuous use of the GUCCI Marks in the United States for decades. Plaintiff also owns several federal trademark registrations for the GUCCI Marks, including U.S. Registration No. 4563132 for the GUCCI word mark, U.S. Registration No. 6073427 for the GUCCI stylized mark, U.S. Registration No. 5073022 for the Interlocking GG mark, and U.S. Registration Nos. 5583162 and 6521111 for the Horsebit mark.

5. The Complaint adequately alleges that without ~~Without~~ authorization from Plaintiff, Defendant has willfully and intentionally counterfeited at least three GUCCI Marks in connection with three different counterfeit products sold by Defendant: handbags, shoes, and belts.

6. The Complaint adequately alleges that Defendant's continuing use of the GUCCI Marks constitutes trademark counterfeiting and infringement, unfair competition, false designation of origin, and trademark dilution under the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), 1125(c); trademark infringement and unfair competition under the common law of the State of New York; and dilution under New York General Business Law § 360-L.

7. The Complaint adequately alleges that Defendant was aware of Plaintiff's rights in the GUCCI Marks and, therefore, Defendant's ongoing and infringing conduct is intentional, willful, and in bad faith.

8. The Complaint adequately alleges that Plaintiff is and will continue to be irreparably harmed absent the Court entering this Order.

9. Judgment is entered for Plaintiff and against Defendant on Plaintiff's claims for trademark counterfeiting and infringement, unfair competition, false designation of origin, and trademark dilution under the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a); trademark

infringement and unfair competition under the common law of the State of New York; and dilution under New York General Business Law § 360-L.

      10.     Defendant and its agents, servants, employees, successors, and assigns, and all other persons acting in concert with or conspiracy with any of them or who are affiliated with Defendant are hereby permanently enjoined and forever restrained from:

      (a)     Imitating, copying, or making unauthorized use of the GUCCI Marks, including, without limitation, by manufacturing, reproducing, distributing, displaying, advertising, promoting, offering for sale, selling, importing, or exporting any products bearing the GUCCI Marks or any other design that is confusingly similar to the GUCCI Marks;

      (b)     Using any false designation of origin or false description or performing any act that can or is likely to lead members of the trade or public to believe that Defendant is associated with Plaintiff or that any product manufactured, distributed, advertised, displayed, promoted, offered for sale, sold, imported, or exported by Defendant is in any manner associated or connected with Plaintiff, is a genuine product of Plaintiff, or is authorized, licensed, sponsored, or otherwise approved by Plaintiff;

      (c)     Engaging in any course of conduct likely to cause confusion, deception, or to injure Plaintiff's business reputation;

      (d)     Using any false description or representation, including words or other symbols falsely to describe or represent Defendant's unauthorized goods or services as Plaintiff's, or sponsored or associated with Plaintiff, and from offering such goods or services into commerce;

      (e)     Manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying, or otherwise disposing of any

products or packaging not authorized by Plaintiff that bear any simulation, reproduction, counterfeit copy, or imitation of the GUCCI Marks;

    (f) Effecting assignments or transfers forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in this Order, or any subsequent order or final judgment in this action;

    (g) Processing any payments for or otherwise providing any online services related to the sale of counterfeit products featuring the GUCCI Marks, or any confusingly similar marks;

    (h) Engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of the GUCCI Marks; and

    (i) Assisting or authorizing any third party to engage in any of the actions prohibited by subparagraphs (a)-(h) above, inclusive.

  11. Defendant is hereby ordered to immediately destroy (and provide proof of such destruction) or immediately turn over to Plaintiff for impoundment and eventual destruction, without compensation to Defendant, all materials in its possession or control that contain or refer to the GUCCI Marks, along with all articles by means of which such unauthorized copies may be reproduced, including, but not limited to, all products bearing the GUCCI Marks that Defendant previously made available to Plaintiff for inspection at 1735 Jersey Avenue, North Brunswick, New Jersey 08902.

  12. Defendant is hereby ordered, at its own expense, to recall from any distributors, retailers, vendors, or others to whom it has distributed materials that violate the provisions of paragraph 10(a)-(h) above, and that Defendant immediately destroy or deliver up to Plaintiff for destruction all materials returned to it.

13.     Defendant is hereby ordered to file with the Court and serve upon Plaintiff, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with the permanent injunction.

14. ~~It is further ordered that Plaintiff be awarded statutory damages in the amount of $14,000,000 against Defendant pursuant to 35(c)(2) of the Lanham Act, 15 U.S.C. § 1117(c)(2), due to Defendant's willful infringement and use of Plaintiff's GUCCI word mark on counterfeit handbags, belts, and shoes; Defendant's willful infringement and use of Plaintiff's Horsebit mark on counterfeit handbags and shoes; and Defendant's willful infringement and use of Plaintiff's Interlocking GG mark on counterfeit handbags and belts.~~

An order referring the case for a damages inquest will issue separately.

**SO ORDERED.**

Dated: ___August 16___, 2024
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**