UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GUCCI AMERICA, INC.,

                                      Plaintiff,             23 Civ. 10239 (LGS)
                -against-

                                                                    ORDER
LORD & TAYLOR ECOMM LLC et al.,
                                    Defendants.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on December 20, 2023, Plaintiff Gucci America, Inc. ("Plaintiff") filed a proof of service stating that Defendant Lord & Taylor Ecomm LLC ("Defendant") had been served on December 5, 2023, by personal service on "Michelle Cher, who is designated by law to accept service of process on behalf of Lord & Taylor Ecomm LLC." Plaintiff has filed no proof of service on the remaining John Doe Defendants.

       WHEREAS, on July 2, 2025, the Court ordered Plaintiff to file a supplemental letter brief addressing the legal basis for seizure of fraudulent goods at Defendant's warehouse.

       WHEREAS, Plaintiff's letter, dated July 11, 2025, states that Defendant has sold and vacated its warehouse at 1735 Jersey Avenue, North Brunswick, New Jersey 08902, and that service and seizure at that site are no longer viable.

       WHEREAS, the letter renews Plaintiff's request for an order finding Defendant in contempt for its failure to destroy or deliver to Plaintiff the products at issue, but does not specify any requested sanction for a finding of contempt.

       WHEREAS, Plaintiff also seeks to serve Defendant with future filings and orders in this case by alternative means, specifically via email to cs@lordandtaylor.com and

help@lordandtaylor.com. On February 11, 2025, Plaintiff previously attempted service to cs@lordandtaylor.com, which confirmed receipt, and help@lordandtaylor.com, which was returned undeliverable.

WHEREAS, Rule 4(e) of the Federal Rules of Civil Procedure provides for service of process on an individual in the United States according to the laws of the state where the district court is located. *See* Fed. R. Civ. P. 4(e)(1). In New York, when traditional methods of service, like personal service or so-called "nail and mail" service, prove "impracticable," service may be made "in such manner as the court, upon motion without notice, directs." N.Y. C.P.L.R. § 308(5). "Section 308(5) requires a showing of impracticability, under the facts and circumstances of the case, but does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute." *Experience Hendrix, LLC v. Hendrix*, No. 17 Civ. 1927, 2020 WL 6891519, at *2 (S.D.N.Y. Nov. 23, 2020).[1]

WHEREAS, the Court may permit service by any other method that complies with constitutional due process by being "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 593 (S.D.N.Y. 2021). "Service by email . . . comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *Nochimson v. Oasis Luxe Mgmt. & Co. Inc.*, No. 22 Civ. 7197, 2023 WL 2403260, at *2 (S.D.N.Y. Mar. 8, 2023). Courts have found the use of email to be a reasonable alternative means of service "where the defendants already have actual

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

knowledge of the suit." *In re Terrorist Attacks on Sept. 11, 2001*, No. 03 Civ. 9848, 2022 WL 1088567, at *3 (S.D.N.Y. Apr. 5, 2022). It is hereby

**ORDERED** that by **August 4, 2025**, Plaintiff shall attempt to serve Defendant with this Court's order for default judgment at Dkt. 68, Judge Tarnofsky's two Report and Recommendations at Dkts. 82 and 85 and Plaintiff's most recent letter at Dkt. 88 through Defendant's designated agent if Plaintiff has not already done so. By **August 18, 2025**, Plaintiff shall file a letter notifying the court of any such attempts or explaining why such attempts would be futile and file any motion for alternate service explaining how such alternative service is warranted. It is further

**ORDERED** that by **August 18, 2025**, Plaintiff shall file a supplemental letter brief, not to exceed three pages, single-spaced, stating what specific sanction Plaintiff seeks and the legal basis for such relief. Plaintiff may support its supplemental submission with exhibits or affidavits that comply with Individual Rule III.B.3.

Dated: July 28, 2025
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**