UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                               :
GUCCI AMERICA, INC.,                      :

                                  Plaintiff,     :      23 Civ. 10239 (LGS)
            -against-                    :
                                              :      <u>ORDER</u>
LORD & TAYLOR ECOMM LLC et al.,   :

                                 Defendants.  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, Plaintiff Gucci America, Inc. ("Gucci") filed this action against Defendant Lord & Taylor Ecomm LLC ("L&T") asserting claims of trademark counterfeiting and infringement, unfair competition, false designation of origin and trademark dilution under the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a); trademark infringement and unfair competition under the common law of the State of New York and dilution under New York General Business Law § 360-L.

       WHEREAS, Defendant appeared and answered. After Defendant's counsel was granted leave to withdraw, Defendant failed to participate further in the litigation.

       WHEREAS, by Order dated August 16, 2024 (the "Default Judgment Order"), Gucci was granted a default judgment against L&T on all claims. The Default Judgment Order permanently enjoined and restrained Defendant from, among other things, imitating, copying or making unauthorized use of specified word and design marks for which Plaintiff holds rights (the "GUCCI Marks") and ordered Defendant to destroy immediately or turn over to Plaintiff all materials in its possession containing or referring to the GUCCI Marks and, within thirty days, file a written report describing its compliance with the permanent injunction.

I.      **Damages**

WHEREAS, Plaintiff's claim for damages on the first cause of action in the Complaint, trademark counterfeiting and infringement under the Lanham Act, was referred to Magistrate Judge Robyn F. Tarnofsky for a post-default inquest.

WHEREAS, on April 9, 2025, Judge Tarnofsky issued an Amended Report and Recommendation (the "Damages Report") recommending that L&T's answer be stricken, and that judgment be entered permanently enjoining L&T from infringing Gucci's marks and awarding Plaintiff $1,300,000 in statutory damages under the Lanham Act, 15 U.S.C. § 1117(c)(2).

WHEREAS, Plaintiff sought the maximum statutory damages of $14,000,000 based on the infringement of three registered marks (defined in the Damages Report) -- the GUCCI Word Mark, the Interlocking GG Mark and the Horsebit Mark.  The Damages Report recommends damages based only on the first two marks -- but not the Horsebit Mark -- because the Complaint lacks the necessary allegations that Plaintiff owns the Horsebit Mark and that the mark is registered and valid, which are essential elements of liability.  *See 1-800 Contacts, Inc. v. JAND, Inc.*, 119 F.4th 234, 246 (2d Cir. 2024) ("To sufficiently state claims for trademark infringement . . . under the Lanham Act, the plaintiff must show first, that its mark is protected . . . ."[1]); *Sulzer Mixpac AG v. A&N Trading Co.*, 988 F.3d 174, 181 (2d Cir. 2021) ("The Lanham Act . . . prohibits: without the consent of the registrant . . . using in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark . . . .").

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, footnotes and citations are omitted.

WHEREAS, the Damages Report recommends an award of $1,300,000, comprising (1) $1,000,000 in damages for Defendant's use of the GUCCI Word Mark on handbags, (2) $150,000 for Defendant's use of the GUCCI Word Mark on belts and (3) $150,000 for Defendant's use of the Interlocking GG Mark on belts.  The Damages Report notes that the total recommended award of $1,300,000 is "slightly more than 1.5 times the estimated profits, an amount that is not divorced entirely from economic reality," and the award reflects "not only a compensatory, but also a punitive component."

WHEREAS, the Damages Report states that the parties "have fourteen days (including weekends and holidays) from service of this report and recommendation to file written objections," and a "party may respond to another party's objections within fourteen days after being served with a copy."  Pursuant to Federal Rule of Civil Procedure 6(d), those deadlines are extended for three days if service was effected by one of the means listed in Rule 5(b)(2)(C), (D) or (F), including by mail to a party's last known address.

WHEREAS, the Damages Report states, "THE FAILURE TO OBJECT WITHIN FOURTEEN DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW."

WHEREAS, Gucci's Certificate of Service at Dkt. No. 90 confirms that L&T was served by mail on July 30, 2025.

WHEREAS, no objections to the Damages Report were filed.

WHEREAS, in reviewing a magistrate judge's report and recommendation, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  "In a case such as this one, where no timely objection has been made, a district court need only satisfy itself that there is no clear error on the

face of the record." *Frankiewicz v. Manhattan Cryobank, Inc.*, No. 20 Civ. 5157, 2025 WL 1068825, at *1 (S.D.N.Y. Apr. 8, 2025). "It is well-established that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object." *Mitchell v. Annucci*, No. 21-2784, 2023 WL 7648625, at *3 (2d Cir. Nov. 15, 2023) (summary order).

WHEREAS, the Court finds no clear error on the face of the record as to the Damages Report.

**II.    Contempt**

WHEREAS, in the Default Judgment Order, the Court found that the Complaint adequately alleges that, without authorization from Plaintiff, Defendant willfully and intentionally counterfeited at least three GUCCI Marks in connection with three different counterfeit products sold by Defendant: handbags, shoes, and belts.

WHEREAS, the Default Judgment Order ordered Defendant to destroy immediately (and provide proof of such destruction) or immediately turn over to Plaintiff for impoundment and eventual destruction, without compensation to Defendant, all materials in its possession or control that contain or refer to the GUCCI Marks, along with all articles by means of which such unauthorized copies may be reproduced, including, but not limited to, all products bearing the GUCCI Marks that Defendant previously made available to Plaintiff for inspection at a warehouse located at 1735 Jersey Avenue, North Brunswick, New Jersey 08902 (the "Warehouse").

WHEREAS, the Default Judgment Order ordered Defendant to file with the Court and serve upon Plaintiff, within thirty days of the entry of injunction, a written report under oath or

4

affirmed under penalty of perjury setting forth in detail the form and manner in which Defendant complied with the permanent injunction. Defendant failed to file such written report.

WHEREAS, on February 6, 2025, Plaintiff filed a proposed order to show cause seeking several forms of relief, including: (1) holding Defendant in civil contempt and (2) directing the U.S. Marshals Service or other law enforcement agents to seize and deliver to Plaintiff all counterfeit products bearing Plaintiff's GUCCI Word Mark and related design marks that are currently in Defendant's possession, custody or control.

WHEREAS, on February 6, 2025, Plaintiff's counsel submitted a declaration in support of Plaintiff's proposed order to show cause (the "Declaration") stating, among other things, that: (1) Plaintiff sent Defendant a letter to arrange for the destruction of all Counterfeit Products in Defendant's inventory; (2) Defendant never responded to that letter; (3) Defendant never provided proof of destruction, nor turned over to Plaintiff for impoundment and eventual destruction, any materials that contain or refer to the GUCCI Marks; (4) Defendant never filed nor served upon Plaintiff a written report setting forth in detail the form and manner in which Defendant complied with the permanent injunction; and (5) Defendant failed to respond meaningfully to Plaintiff's demands for compliance with the Default Judgment Order.

WHEREAS, Defendant has not submitted any evidence to rebut the Declaration.

WHEREAS, on April 11, 2025, Magistrate Judge Robyn F. Tarnofsky issued a Report and Recommendation (the "Contempt Report") recommending, among other things, to hold Defendant in civil contempt. The Contempt Report certifies facts in line with the Declaration. The Contempt Report also certifies the fact that Defendant had asserted that it is in financial distress. In light of Defendant's default and suggestion of financial distress, Judge Tarnofsky states in the Contempt Report that she does not believe that Defendant is likely to comply

5

voluntarily with the Default Judgment Order by destroying the infringing goods or confirming to Plaintiff that Defendant has done so, and accordingly, she believes that the only way to ensure compliance with the Default Judgment Order is through seizure of the infringing goods.

WHEREAS, the Contempt Report states that the parties "have fourteen days (including weekends and holidays) from service of this report and recommendation to file written objections," and a "party may respond to another party's objections within fourteen days after being served with a copy."  Pursuant to Federal Rule of Civil Procedure 6(d), those deadlines are extended for three days if service was effected by one of the means listed in Rule 5(b)(2)(C), (D) or (F), including by mail to a party's last known address.

WHEREAS, the Contempt Report states, "THE FAILURE TO OBJECT WITHIN FOURTEEN DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW."

WHEREAS, Gucci's Certificate of Service at Dkt. No. 90 confirms that L&T was served by mail on July 30, 2025.

WHEREAS, no objections to the Contempt Report were filed.

WHEREAS, the Court finds no clear error on the face of the record as to the Contempt Report.

WHEREAS, Plaintiff's letter, dated July 11, 2025, states that Defendant has sold and vacated the Warehouse, and that seizure at that site is no longer viable.  The letter withdrew Plaintiff's request for seizure but renewed Plaintiff's request for an order finding Defendant in contempt for its failure to destroy or deliver to Plaintiff the products at issue.  The letter did not specify any requested sanction for a finding of contempt.

WHEREAS, on August 18, 2025, Plaintiff filed a letter seeking (1) a statutory damages award of $10,000,000 to "enhance [the recommended] award . . . based on the original request and Defendant's ongoing lack of respect for the Court's Orders; (2) coercive sanctions of $3,000 for each day in which Defendant violates the Default Judgment Order going forward; and (3) compensatory sanctions equal to all profits made by Defendant in connection with its sale of counterfeit products since the Default Judgment Order.

WHEREAS, Plaintiff's first request for enhanced statutory damages and third request for compensatory sanctions equal to all profits made by Defendant are both compensatory in nature. Accordingly, these requests on August 18, 2025, amount to an untimely objection to the damages recommended by the Damages Report, which the Damages Report characterizes as reflecting "not only a compensatory, but also a punitive component." Because the Damages Report was filed on April 9, 2025, and Plaintiff has been actively participating in this litigation, Plaintiff presumably was aware of the deadline to object and waived the objection by not filing timely. Plaintiff's requests for a statutory damages award of $10,000,000 and compensatory sanctions equal to all profits made by Defendant in connection with its sale of counterfeit products since the Default Judgment Order are denied.

WHEREAS, Plaintiff's second request for sanctions of $3,000 per day that Defendant violates the Default Judgment Order going forward is coercive in nature. "When imposing coercive sanctions, a court should consider (1) the character and magnitude of the harm threatened by the continued contumacy, (2) the probable effectiveness of the sanction in bringing about compliance, and (3) the contemnor's financial resources and the consequent seriousness of the sanction's burden." *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1353 (2d Cir. 1989); *accord Benthos Master Fund, Ltd. v. Etra*, No. 20 Civ. 3384, 2022 WL 17819592, at

7

*17 (S.D.N.Y. Dec. 20, 2022), *modified*, 2023 WL 4350594 (S.D.N.Y. July 5, 2023). "The ultimate consideration is whether the coercive sanction -- here, a fine -- is reasonable in relation to the facts." *Terry*, 886 F.2d at 1353.

WHEREAS, Plaintiff has not shown that the goods are still in Defendant's possession and that Defendant is able to disgorge them as ordered. There is a limited threat of harm by continued contumacy, and the coercive sanctions likely would be ineffective in bringing about compliance. Plaintiff has not shown that Defendant has the financial resources to pay the coercive sanctions requested. The Contempt Report notes that Defendant has asserted financial distress, and the Contempt Report states a belief that the only way to ensure compliance with the Default Judgment Order would have been through seizure. Accordingly, the requested coercive sanctions are unreasonable in relation to the facts and are denied. It is hereby

**ORDERED and ADJUDGED** that the Damages Report is **ADOPTED** for the reasons stated therein. L&T is permanently enjoined as provided in the Default Judgment Order, and Gucci is awarded $1,300,000 in damages. It is further

**ORDERED and ADJUDGED** that the Contempt Report is **ADOPTED** for the reasons stated therein. L&T is in civil contempt, but Gucci is awarded no further damages.

The Clerk of Court is respectfully directed to close the case.

Dated: October 17, 2025
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE